UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| In re | ) | Case No. 09-40528-JBR |
| Jeffrey C. Powers | ) | Chapter 7 |
| Debtor | ) | |

TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION IN SUN LIFE
MASTERS CHOICE POLICY WITH SUN LIFE FINANCIAL

Janice G. Marsh, the trustee, objects to the exemption claimed by the debtor, Jeffrey C. Powers, in his Sun Life Masters Choice policy with Sun Life Financial ("Property").

1. On February 23, 2009, the debtor commenced this case; immediately thereafter, the trustee was appointed.

2. The debtor lists his interest, in the amount of $28,861.30, in the Property on [#1, p. 10 of 54] his Schedule B, incorporated by reference.

3. The debtor initially claimed an exemption in the amount of $28,861.30 in the Property pursuant to 11 U.S.C. section 522(d)(12) on [#1, p. 14 of 54] his Schedule C, incorporated by reference.

4. On April 25, 2009, the trustee [#8] objected to the debtor's claim of exemption in the Property, incorporated by reference. Please see [#8] the trustee's objection, incorporated by reference.

5. On April 30, 2009, the trustee served a copy of the notice of the hearing set for June 18, 2009, on her objection by regular mail to the debtor and by fax to his attorney; the trustee filed [#13] a certificate of service, incorporated by reference.

6. On May 9, 2009, the trustee sent an e-mail to the debtor's attorney to explain why she thought the Property was not exempt pursuant to section 522(d)(12). Please see the attached Exhibit 1, incorporated by reference.

7. The debtor did not respond to the [#8] trustee's objection or to her May 9 e-mail.

8. On June 8, 2009, the court sustained the trustee's objection because no response had been filed. Please see [#24] the endorsement order, incorporated by reference.

9. On June 22, 2009, the trustee sent an e-mail to the debtor's attorney to request documents about the Property so that the trustee could prepare a motion to sell the Property. Please see the attached Exhibit 2, incorporated by reference.

10. On July 23, 2009, the trustee sent another e-mail to the debtor's attorney to follow up on her June 22 request. Please see the attached Exhibit 3, incorporated by reference.

11. After the trustee had received no response from the debtor, she sent a fax to both Sun Life and the financial advisor, a copy of which she sent by fax to the debtor's attorney. Please see the attached Exhibit 4, incorporated by reference. (The trustee has redacted the account no.)

12. On October 30, 2009, the trustee filed [#38] a motion to sell the Property pursuant to 11 U.S.C. section 363(b) and (c), incorporated by reference. She served the debtor, among others.

13. On November 7, 2009, the trustee served the debtor, among others, with copies of [#38] the motion and the notice of sale. Please see [#40] the certificate of service, incorporated by reference.

14. November 30, 2009, 4:30 pm, was the deadline for objecting to the sale; December 3, 2009, 10:30 am, the date and time of the hearing. Please see [#39] the notice.

15. On November 30, 2009, at 1:39 pm, the debtor filed [#41] a limited objection to the trustee's [#38] motion to sell.

16. No other objections were filed.

17. The trustee prepared for the hearing set for December 3, 2009, and appeared at the hearing.

18. In open court at the hearing, the debtor withdrew [#41] his limited objection. Please see the notation on the docket regarding the hearing having been held and [#42] the order granting [#38] the trustee's motion to sell.

19. On December 10, 2009, the debtor filed [#44] his amended Schedule C and [#45] his motion to amend his Schedule C to claim an exemption in the amount of $9,698.51 pursuant to 11 U.S.C. section 522(d)(5), incorporated by reference.

20. The trustee objects to the allowance of the exemption for the following reasons:

    a. On April 25, 2009, the trustee originally objected to the debtor's claim of exemption in the Property.

    b. On May 9, 2009, she explained to the debtor why she did not believe that he was entitled to the exemption he had claimed.
    c. The debtor neither responded to the trustee's explanation nor to her objection.
    d. The debtor should have amended his Schedule C, which he failed to do.
    e. After the court on June 8, 2009, sustained the trustee's objection, she sent, on June 22, 2009, an e-mail to the debtor's attorney to request information about the Property so that she could prepare a motion to sell.
    f. On July 23, 2009, the trustee followed up with the debtor's attorney.
    g. After the debtor failed to respond, the trustee sent a fax, with a copy to Sun Life and the financial advisor to request the information.
    h. After she received the information from Sun Life or the financial advisor, the trustee filed her motion to sell.
    i. Only the debtor objected, on a limited basis, to the motion to sell.
    j. The trustee prepared for the hearing on December 3, 2009, at which she appeared and at which the debtor, in open court, withdrew his limited objection.
    k. On December 10, 2009, the debtor finally amended his Schedule C.
    l. The debtor has not acted in good faith and has caused the trustee to expend unnecessary estate resources.

WHEREFORE, Janice G. Marsh, the trustee

1. objects to allowance of the debtor's claim of exemption in the Property;

2. alternatively, if the court allows the exemption, requests the court to award her monetary sanctions for the unnecessary expenditures to the estate the debtor has caused; and

3. requests the court to grant such further and other relief as is just.

Respectfully Submitted,

/s/ Janice G. Marsh
Janice G. Marsh, Trustee
The Marsh Law Firm, PC
446 Main Street, 19th Floor
Worcester, MA 01608
Telephone 508-797-5500
Fax 508-797-5533
jgm@townisp.com
BBO No. 638575

## CERTIFICATE OF SERVICE

Janice G. Marsh, the trustee, certifies the following is **Mailing Information for Case 09-40528** and that she will serve as indicated:

**Electronic Mail Notice List.** The trustee will not serve the following:

- Carl D. Aframe    aframe@aframebarnhill.com, starkova@aframebarnhill.com;graves@aframebarnhill.com;goodwin@aframebarnhill.com;bergeron@aframebarnhill.com
- Kathryn Fyans    mabk@harmonlaw.com
- Jason Giguere    mabk@harmonlaw.com, mabk@harmonlaw.com
- Richard King    USTPRegion01.WO.ECF@USDOJ.GOV
- Janice G. Marsh    janice@marsh.org, jmarsh@ecf.epiqsystems.com
- Janice G. Marsh    jgm@townisp.com
- Janice G. Marsh    jgm@townisp.com, jmarsh@ecf.epiqsystems.com
- A. Rebecca Murray    mabk@harmonlaw.com, mabk@harmonlaw.com
- Rian Vernon    mabk@harmonlaw.com

**Manual Notice List.** The trustee will serve the following by regular mail:

Jeffrey C. Powers
658 Great Road
Littleton, MA 01460

Dated: January 8, 2010

/s/ Janice G. Marsh
Janice G. Marsh

# EXHIBIT 1

**Janice G. Marsh**

**From:** Janice G. Marsh [jgm@townisp.com]
**Sent:** Saturday, May 09, 2009 10:21 AM
**To:** Carl D. Aframe
**Subject:** Powers

Carl,

Thank you for your recorded telephone message yesterday.

I understand that the money in the debtor's Sun Life came from his mother's 401(k). I do not believe the money would be exempt. My reasoning is based upon the following:

There is no exemption for an IRA that is inherited unless inherited by a spouse. In fact, there is no rollover even permitted for an inherited IRA, unless inherited by the spouse, pursuant to 26 USC 408(d)(3)(C). There are plenty of cases on this. *In re Jarboe*, 365 B.R. 717 (Bankr. S.D. Tex. 2007); *In re Kirchen*, 344 BR 908 (Bankr. E.D. Wis. 2006); *In re Navarre*, 332 B.R. 24 (Bankr. M.D. Ala. 2004); *In re Greenfield*, 289 B.R. 146 (Bankr. S.D. Cal. 2003); *In re Sims*, 241 B.R. 467 (Bankr. N.D. Okl. 1999).

Janice G. Marsh
The Marsh Law Firm, PC
446 Main Street, 19th Floor
Worcester, MA  01608
Telephone 508-797-5500
Fax 508-797-5533
jgm@townisp.com

12/1/2009

# EXHIBIT 2

# Janice G. Marsh

**From:** Janice G. Marsh [jgm@townisp.com]
**Sent:** Monday, June 22, 2009 10:14 AM
**To:** Carl D. Aframe
**Subject:** Powers, 09-40528-JBR

Carl,

Please provide to me documents about the Sun Life Masters Choice policy so that I can prepare a motion to sell it.

Thank you.

Janice G. Marsh
The Marsh Law Firm, PC
446 Main St., 19th Floor
Worcester, MA  01608
Telephone 508-797-5500
Fax 508-797-5533
jgm@townisp.com

12/1/2009

# EXHIBIT 3

**Janice G. Marsh**

**From:** Janice G. Marsh [jgm@townisp.com]
**Sent:** Thursday, July 23, 2009 8:24 AM
**To:** Carl D. Aframe
**Subject:** FW: Ch-7 jbr 09-40528 Order on Motion to Continue/Cancel Hearing;Jeffrey C. Powers

Carl,

Please provide to me information about the nonexempt funds so that I may file a motion to sell.

Thank you.

Janice G. Marsh
The Marsh Law Firm, PC
446 Main St., 19th Floor
Worcester, MA 01608
Telephone 508-797-5500
Fax 508-797-5533
jgm@townisp.com

**From:** DO_NOT_REPLY@mab.uscourts.gov [mailto:DO_NOT_REPLY@mab.uscourts.gov]
**Sent:** Thursday, July 23, 2009 7:51 AM
**To:** help@mab.uscourts.gov
**Subject:** Ch-7 jbr 09-40528 Order on Motion to Continue/Cancel Hearing;Jeffrey C. Powers

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. The free electronic copy is available for 15 days after the date of this notice. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

United States Bankruptcy Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from jk, USBC entered on 7/23/2009 at 7:50 AM EDT and filed on 7/23/2009

**Case Name:**    Jeffrey C. Powers
**Case Number:**    09-40528
**Document Number:** 28

**Docket Text:**
Endorsed Order dated 7/23/09 Granting [27] Assented To Motion filed by Creditor Wells Fargo Bank, N.A. to Continue Hearing Re: [6] Motion for Relief From Stay. ALLOWED. HEARING CONTINUED TO 8/27/09 AT 10:00 A.M. (jk, USBC)

11/24/2009

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** H:\JBR_SESSION\jkpowers.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1021399670 [Date=7/23/2009] [FileNumber=11115552-

0] [384df03e0d6bd801d09cfb1aff54f7ef7fd20b4c3751e86a99f0fc79410bc58ffb
8c46dbb10002c72beb1b7e751e5b4ecb121c9323559244ca16079bbafd65d6]]


**09-40528 Notice will be electronically mailed to:**

Carl D. Aframe on behalf of Debtor Jeffrey Powers
aframe@aframebarnhill.com,
starkova@aframebarnhill.com;graves@aframebarnhill.com;goodwin@aframebarnhill.com

Kathryn Fyans on behalf of Creditor Wells Fargo Bank, N.A.
mabk@harmonlaw.com

Richard King
USTPRegion01.WO.ECF@USDOJ.GOV

Janice G. Marsh
jgm@townisp.com, jmarsh@ecf.epiqsystems.com

Janice G. Marsh on behalf of Trustee Janice Marsh
jgm@townisp.com

Rian Vernon on behalf of Creditor Wells Fargo Bank, N.A.
mabk@harmonlaw.com

**09-40528 Notice will not be electronically mailed to:**

11/24/2009

# EXHIBIT 4

JANICE G. MARSH
THE MARSH LAW FIRM, PC
446 MAIN STREET, 19TH FLOOR
WORCESTER, MA 01608

Telephone 508-797-5500
Fax 508-797-5533
jgm@townisp.com

To:     Sun Life @ 781-304-5383
        Albert J. Wisialko @ 781-329-7905

Date:   August 14, 2009

Total Pages:   2

Subject:   Jeffrey C. Powers, Bankr. Case No. 09-40528

I am the trustee of the subject bankruptcy case. A copy of my certificate of appointment follows.

I write to inform you also that I will be filing a motion with the bankruptcy court to liquidate Mr. Powers' account, contract no.            , because it is nonexempt.

By August 22, 2009, please provide to me:
1. a copy of the statement(s) for the account from January 1, 2009, to the present;
2. information about the balance in the account as of February 23, 2009;
3. information about what will be charged to liquidate the account; and
4. the fax number of Sun Life so that I may inform it of my intentions.

After I receive the information from you, I will file a motion with the bankruptcy court.

Accordingly, you should not allow any transfers of the funds in the account.

Thank you.

Copy:  Carl D. Aframe, fax no. 508-753-8219
       Mr. Powers' Attorney

# UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:  Jeffrey C. Powers<br>Debtor, | Chapter: 7<br>Case No: 09-40528<br>Judge Joel B. Rosenthal |

### CERTIFICATE OF APPOINTMENT OF INTERIM TRUSTEE
### AND FIXING OF BOND

Pursuant to 11 U.S.C. § 701(a)(1)

Janice G. Marsh
The Marsh Law Firm, PC
446 Main Street
19th Floor
Worcester, MA 01608

is hereby appointed as Interim Trustee in the above-referenced proceeding and is designated to preside at the meeting of creditors. The Trustee's bond is fixed under the general blanket bond heretofore approved. The Trustee shall notify the United States Trustee immediately in the event that the liquid assets exceed $1,000,000.

Pursuant to FRBP 2008 the Trustee will be deemed to have accepted this appointment unless it is rejected within five (5) days of receipt of this notice. Unless another trustee is elected the Interim Trustee appointed herein shall serve as Trustee without further appointment as provided by 11 U.S.C. § 702(d).

Date: 2/24/09                                                              Phoebe Morse
                                                                          U.S. Trustee
                                                                          (617) 788-0400

Original filed with Bankruptcy Court
Copy to trustee

### REJECTION

I, Janice G. Marsh, hereby REJECT appointment as Trustee.
Dated: This day of _____.

                                                                          Janice G. Marsh

Original filed with Bankruptcy Court
Copy to United States Trustee

3

```
                    *** TX REPORT ***
                    *****************


JOB NO.               1242
ST. TIME              08/14 11:08
PGS.                  2
SEND DOCUMENT NAME

TX/RX INCOMPLETE      -----
TRANSACTION OK        17813045383
ERROR                 -----
```

## JANICE G. MARSH
## THE MARSH LAW FIRM, PC
446 MAIN STREET, 19TH FLOOR
WORCESTER, MA 01608

Telephone 508-797-5500
Fax 508-797-5533
jgm@townisp.com

To:　　　　　　　Sun Life @ 781-304-5383
　　　　　　　　　Albert J. Wisialko @ 781-329-7905

Date:　　　　　　August 14, 2009

Total Pages:　　 2

Subject:　　　　 Jeffrey C. Powers, Bankr. Case No. 09-40528

I am the trustee of the subject bankruptcy case. A copy of my certificate of appointment follows.

I write to inform you also that I will be filing a motion with the bankruptcy court to liquidate Mr. Powers' account, contract no. ＿＿＿＿＿＿＿, because it is nonexempt.

By August 22, 2009, please provide to me:
1. a copy of the statement(s) for the account from January 1, 2009, to the present;
2. information about the balance in the account as of February 23, 2009;
3. information about what will be charged to liquidate the account; and
4. the fax number of Sun Life so that I may inform it of my intentions.

After I receive the information from you, I will file a motion with the bankruptcy court.

Accordingly, you should not allow any transfers of the funds in the account.

Thank you.

Copy:　Carl D. Aframe, fax no. 508-753-8219
　　　　Mr. Powers' Attorney

```
                        *** TX REPORT ***
                        ******************

JOB NO.              1243
ST. TIME             08/14 11:09
PGS.                 2
SEND DOCUMENT NAME

TX/RX INCOMPLETE     -----
TRANSACTION OK       17813297905
ERROR                -----
```

## JANICE G. MARSH
## THE MARSH LAW FIRM, PC
### 446 MAIN STREET, 19TH FLOOR
### WORCESTER, MA 01608

Telephone 508-797-5500
Fax 508-797-5533
jgm@townisp.com

To:         Sun Life @ 781-304-5383
            Albert J. Wisialko @ 781-329-7905

Date:       August 14, 2009

Total Pages:  2

Subject:    Jeffrey C. Powers, Bankr. Case No. 09-40528

I am the trustee of the subject bankruptcy case. A copy of my certificate of appointment follows.

I write to inform you also that I will be filing a motion with the bankruptcy court to liquidate Mr. Powers' account, contract no.                because it is nonexempt.

By August 22, 2009, please provide to me:
1. a copy of the statement(s) for the account from January 1, 2009, to the present;
2. information about the balance in the account as of February 23, 2009;
3. information about what will be charged to liquidate the account; and
4. the fax number of Sun Life so that I may inform it of my intentions.

After I receive the information from you, I will file a motion with the bankruptcy court.

Accordingly, you should not allow any transfers of the funds in the account.

Thank you.

Copy:   Carl D. Aframe, fax no. 508-753-8219
        Mr. Powers' Attorney

```
                    *** TX REPORT ***
                    ******************

JOB NO.               1244
ST. TIME              08/14 11:10
PGS.                  2
SEND DOCUMENT NAME

TX/RX INCOMPLETE      -----
TRANSACTION OK        15087538219
ERROR                 -----
```

JANICE G. MARSH
THE MARSH LAW FIRM, PC
446 MAIN STREET, 19TH FLOOR
WORCESTER, MA 01608

Telephone 508-797-5500
Fax 508-797-5533
jgm@townisp.com

To:     Sun Life @ 781-304-5383
        Albert J. Wisialko @ 781-329-7905

Date:   August 14, 2009

Total Pages:  2

Subject:  Jeffrey C. Powers, Bankr. Case No. 09-40528

I am the trustee of the subject bankruptcy case. A copy of my certificate of appointment follows.

I write to inform you also that I will be filing a motion with the bankruptcy court to liquidate Mr. Powers' account, contract no.           , because it is nonexempt.

By August 22, 2009, please provide to me:
1. a copy of the statement(s) for the account from January 1, 2009, to the present;
2. information about the balance in the account as of February 23, 2009;
3. information about what will be charged to liquidate the account; and
4. the fax number of Sun Life so that I may inform it of my intentions.

After I receive the information from you, I will file a motion with the bankruptcy court.

Accordingly, you should not allow any transfers of the funds in the account.

Thank you.

Copy:  Carl D. Aframe, fax no. 508-753-8219
       Mr. Powers' Attorney